UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL CHAGOYA, SERGIO CASTANON and NICOLAS CASTANON,<br><br>      Plaintiffs,<br><br>v.<br><br>NEW CHICAGO WHOLESALE BAKERY INC. and JULIANA ACHIMAS, individually,<br><br>      Defendants. | |

## COMPLAINT AT LAW

Plaintiffs, Daniel Chagoya, Sergio Castanon and Nicolas Castanon ("Daniel," "Sergio" and "Nicolas," respectively, and collectively, the "Plaintiffs"), by and through their attorneys, Caffarelli & Associates Ltd., for their Complaint at Law against New Chicago Wholesale Bakery Inc. (the "Company" or "New Chicago") and Juliana Achimas, individually ("Achimas," and together with the Company, "Defendants"), state as follows:

### NATURE OF ACTION

1. Plaintiffs bring this lawsuit as a multi-plaintiff action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Defendants violated the FLSA by failing to pay Plaintiffs one and one-half times their regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks.

2. Plaintiffs also bring individual claims under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay for all time worked and failure to pay overtime wages as described in Paragraph 1.

3. Finally, Daniel brings an individual claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for Defendants' failure to pay him his final compensation owed at the time his employment with Defendant ended.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant's facilities located in Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Daniel Chagoya ("Daniel"), resides in Mt. Prospect, Illinois and was employed by Defendants as a Dough Preparer/Mixer from in or about February 2014 through on or about December 28, 2014.

7. Plaintiff Sergio Castanon ("Sergio"), resides in Mt. Prospect, Illinois and was employed by Defendants as a Dough Preparer/Mixer from in or about July 2013 through on or about December 26, 2014.

8. Plaintiff Nicolas Castanon ("Nicolas"), resides in Mt. Prospect, Illinois and was employed by Defendants as a donut preparer and decorator from in or about September 2014 through on or about December 26, 2014.

9. Defendant, New Chicago Wholesale Bakery, Inc., is an Illinois corporation engaged in the business of producing and distributing baked goods. The Company's principal place of business is located in Elk Grove Village, Illinois.

10. The Company is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Juliana Achimas is the owner and/or president of New Chicago Warehouse Bakery. During the relevant time period, Defendant Achimas had the authority to, and did, hire and fire employees of the Company; direct and supervise the work of the Company's employees; sign on the Company's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for the Company.

12. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the FLSA.

13. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the IMWL.

14. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the IWPCA.

15. During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

16. During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a.

## FACTUAL ALLEGATIONS

**Daniel Chagoya**

17. Daniel was employed by Defendants as a Dough Mixer/Preparer baker from in or about February 2014 through on or about December 28, 2014.

18. From in or about February 2014 until in or about October 2014, Defendants paid Daniel at a regular hourly rate of $9.00 per hour.

19. From in or about November 2014 through in or about December 2014, Defendants paid Daniel at a regular hourly rate of $10.00 per hour.

20. Daniel resigned his position with Defendants on or about December 28, 2014.

21. Daniel did not receive his final check until in or around mid-February 2015.

22. When Daniel attempted to cash the check, it was declined. Daniel requested another check from the Defendants, who issued him another check that cleared.

**Sergio Castanon**

23. Sergio was employed by Defendants as a Dough Preparer/Mixer from in or about June 2013 through on or about December 26, 2014.

24. From in or about June 2013 through in or about December 2013, Defendant paid Sergio at a regular hourly rate of $9.50 per hour.

25. From in or about January 2014 through in or about September 2014, Defendant paid Sergio at a regular hourly rate of $10.00 per hour.

26. From in or about September 2014 through in or about December 2014, Defendant paid Sergio at a regular hourly rate of $11.00 per hour.

27. Sergio resigned his employment on or about December 26, 2014.

**Nicolas Castanon**

28. Nicolas was employed by Defendants as a donut preparer and decorator from in or about September 2014 through on or about December 26, 2014.

29. Nicolas was paid at a regular hourly rate of $9.00 per hour.

30. Defendants failed to pay Nicolas, in readily available funds, his final paycheck.

**All Plaintiffs**

31. Defendants usually paid all three Plaintiffs on a bi-weekly basis, although there were often times that they were not paid within thirteen days of the end of the pay period.

32. All three Plaintiffs regularly worked in excess of forty (40) hours per week.

33. All three Plaintiffs are entitled to be compensated at a rate of one and one-half times their regular rates of pay (also known as the "overtime" rate of pay) for all hours worked in excess of forty (40) per week.

34. Defendants failed to compensate Plaintiffs at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks and attempted to mask the hours Plaintiffs worked by issuing paychecks without a paystub or other indication of hours worked.

35. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiffs accordingly.

36. Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
### (All Plaintiffs Against All Defendants)

37. Plaintiffs restate and incorporate Paragraphs 1 through 36 as though fully set forth herein.

38. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

39. Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

5

40. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

41. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

42. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiffs worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiffs Daniel Chagoya, Sergio Castanon and Nicolas Castanon, respectfully request that this Court enter an order as follows:

a) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME**
**(All Plaintiffs Against All Defendants)**

43. Plaintiff restates and incorporates Paragraphs 1 through 36 as though fully set forth herein.

44.     The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

45.     Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

46.     Plaintiffs regularly worked in excess of forty (40) hours per work week.

47.     Defendants violated the IMWL by failing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per work week.

48.     Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs Daniel Chagoya, Sergio Castanon and Nicolas Castanon respectfully request that this Court enter an order as follows:

   a)   Awarding judgment in the amount of all unpaid back pay owed to each Plaintiff pursuant to the IMWL;

   b)   Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

   c)   Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

   d)   Awarding reasonable attorneys' fees and costs incurred in filing this action; and

   e)   Ordering such other and further relief as this Court deems appropriate and just.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(All Plaintiffs Against All Defendants)**

49.     Plaintiff restates and incorporates Paragraphs 1 through 36 as though fully set forth herein.

50. The matters set forth in this Count arise from Defendants' violations of the IWPCA for their failure to pay Daniel his final paycheck when required.

51. Pursuant to the IWPCA, Defendant is required to pay their employees their final compensation at the time of separation or no more than the next regularly scheduled payday. 820 Ill. Comp. Stat. 115/5.

52. Daniel was paid bi-weekly throughout the course of his employment.

53. Daniel resigned his position with Defendants on or about December 28, 2014.

54. Defendants did not provide Daniel with his final paycheck until in or about mid-February 2015.

55. Pursuant to the IWPCA, Defendants must pay their employees in U.S. currency or by check redeemable upon demand by the employee no later than thirteen (13) days after the end of the pay period. 820 Ill. Comp. Stat. 115/4.

56. Throughout their employment, Plaintiffs often received their paychecks more than thirteen (13) days after the end of the pay period.

57. Defendants did not pay Daniel his final paycheck with a redeemable check in that the check bounced when Daniel attempted to redeem it.

58. Pursuant to 820 Ill. Comp. Stat. 115/14(a), Daniel is entitled to recover unpaid wages earned, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Daniel Chagoya respectfully request that this Court enter an order as follows:

a) Awarding back pay and statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/14(a);

b) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    c)    Ordering such other and further relief as this Court deems appropriate and just.

Dated: March 11, 2015

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Fax (312) 540-1231

Respectfully submitted,
DANIEL CHAGOYA, SERGIO CASTANON and NICOLAS CASTANON

By: /s/ Alejandro Caffarelli
    Attorney for Plaintiffs